**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David Elbert MACKEY, Defendant-Appellant.**

**No. 72–2929.**

United States Court of Appeals, Fifth Circuit.

Oct. 12, 1973.

Rehearing and Rehearing En Banc Denied Dec. 20, 1973.

W. W. Kilgarlin, Edward A. Mallett, Houston, Tex. (Court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Ellis C. McCullough, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

The appellant David Elbert Mackey was charged jointly with one Jose Jesus Orosco Perez (Orosco) in both counts of

a two-count indictment with offenses involving 150 pounds of marijuana: unlawful importation in violation of Title 21, U.S.C., §§ 952 and 960(a)(1), Count I, and unlawful possession with intent to distribute the marijuana in violation of Title 21, U.S.C., § 841(a)(1), Count II. The jury found Mackey guilty of both counts and he was sentenced to confinement for three years under Count I and two years under Count II to be followed by a special parole term of two years. Execution of the sentence under Count I, the importation count, was suspended with supervised probation for five years. This appeal followed.

We fail to find prejudicial error demonstrated by any or either of the several grounds of appeal advanced by appellant Mackey: (1) whether the trial judge should have granted his motion to suppress the contraband seized as the result of a warrantless search of a 1965 Oldsmobile driven by Mackey;[1] (2) whether the evidence was sufficient to support conviction on Count I, §§ 952 and 960(a), the importation count, since his arrest in possession of a portion of the marijuana occurred after its earlier seizure and confiscation by the customs authorities at the border, inasmuch as the later search occurred while the contraband and the car containing it were under government surveillance and (arguably) government control; (3) whether the evidence was sufficient to support the conviction under Count II, the § 841(a) possession count, based on the search referred to in (2) above; (4) whether Mackey's Fifth Amendment rights were violated during the prosecution's closing argument to the jury; (5) whether the two counts were improperly submitted to the jury as being inconsistent, one with the other; and (6) whether Mackey's Fifth and Sixth Amendment

rights were violated by the jury selection procedure employed in the Southern District of Texas, and the trial jury's being constituted without the venire including persons between 18 and 25 years of age.

Affirmed.

---

1. This motion was denied after a pre-trial evidentiary hearing by the trial judge in a detailed memorandum and order, setting forth the evidence developed and fully explicating the reasons for the decision. See United States v. Perez and Mackey, S.D.Tex. 1972, 364 F.Supp. 1217.